**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| NATURE'S ONE, INC., <br> 8754 Cotter Street <br> Lewis Center, Ohio 43035 <br><br> Plaintiff, <br><br> v. <br><br> BEEFEATER'S HOLDING COMPANY, INC. <br> 5801 Westside Avenue <br> North Bergen, New Jersey 07047 <br><br> Defendant. | **JUDGE:** <br><br> **MAGISTRATE JUDGE:** <br><br> **CASE NO:**_____ <br><br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND DECEPTIVE TRADE PRACTICES** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Nature's One, Inc. ("Nature's One"), for its complaint against Defendant Beefeater's Holding Company, Inc., alleges as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This is an action for trademark infringement and unfair competition under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 et seq. and of state common law trademark infringement and for statutory deceptive practices claims. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367.

2. Nature's One is a corporation organized under the laws of the State of Ohio with its principal place of business at 8754 Cotter Street, Lewis Center, Ohio 43035.

3. On information and belief, Defendant is a Delaware corporation with a principal place of business at 5801 Westside Avenue, North Bergen, New Jersey 07047.

4.     This Court has personal jurisdiction over Defendant.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Nature's One's claims has occurred in this district.

## BACKGROUND FACTS

### Nature's One and its Use of the Nature's One Trademark

5.     Nature's One was founded in 1997 in central Ohio, where its headquarters remain today.

6.     Nature's One develops, markets, manufactures and sells organic medical nutrition products, including various formula and milk products, with a focus on products for consumption by infants and children.  Nature's One introduced the first organic baby formula to the U.S. market in 1998.

7.     Nature's One has made significant research and development investments in its organic medical nutrition products and employs five food scientist and several consultants to support existing products and develop new product for worldwide sale.  Most of Nature's One's organic medical nutritionals are the first and only in their product categories.  Nature's One's commitment to producing foods using pure, organic ingredients and ensuring that its products do not contain toxins has been lauded by industry and academic groups.

8.     Given Nature's One's focus on products to be consumed by infants and children with medical needs, ensuring the quality and safety of its products, and maintaining the consuming public's perception of the same, are the bases of its success.  To that end, in addition to ensuring that its organic products avoid potentially harmful contaminants, Nature's One engages in promotional activities associated with natural, contaminant-free foods such as

advocacy of organic nutrition and government regulations pertaining to organic foods, and supporting charities that focus on infant nutritional health.

9. Nature's One has used the trademark NATURE'S ONE to identify its business and products since no later than early 1999. In order to protect its critical brand, Nature's One filed an application for NATURE'S ONE with the United States Trademark Office, which was duly registered as U.S. Trademark Registration No. 2,504,996 ("the '996 Registration") on November 6, 2001. The '996 Registration has incontestable status, is in good standing, and is owned by Nature's One. A true and correct copy of the '996 Registration is attached hereto as Exhibit 1.

10. Based on Nature's One's high quality products, its recognition by industry, academic groups and others, and its extensive promotional efforts, it has come to be recognized by healthcare professionals and the consuming public as a producer of high quality contaminant-free pediatric medical nutritional products. Nature's One's products are recommended by doctors through hospitals and clinics nationwide. Nature's One's customer base of healthcare professionals, consumers and retailers are watchful for any adverse news that may have implications for the sensitive patient base using Nature's One's products.

11. Nature's One's products are sold online under the NATURE'S ONE Mark through its website as well as through the websites of other online retailers such as Amazon. Nature's One's products are also sold nationwide through medical distributors, healthcare professionals, as well as in retail outlets including grocery stores, health food stores and natural and organic stores.

**Defendant and its Unauthorized Use of the NATURE'S ONE Trademark**

12. Defendant produces and sells dog food treats.

13. The pet food industry has been beset by problems associated with the quality of its products. For instance, over the past several years, dog food recalls – many based on the presence of harmful contaminants – have received widespread media attention. Much of this news has been disseminated through social media, which is a prime source of information for members of the millennial generation who comprise the majority of parents of infants in the United States.

14. Defendant is using the identical mark NATURE'S ONE to promote and sell a variety of its dog food snacks. In its promotions of its products, including those using Nature's One's NATURE'S ONE mark, Defendant emphasizes that they are "made with only natural ingredients and "contain no additives or preservatives." See a true and correct copy of the "About Us" page from http://beefeaters.com which is attached as Exhibit 2. One online retailer describes Defendant NATURE'S ONE dog food treats as "Natural & Organic Treats." See Exhibit 3. One of the products currently offered by Defendant under the NATURE'S ONE mark features sweet potatoes as a main ingredient, an ingredient that is also commonly used in baby food.

15. In a pending trademark application before the USPTO, which Nature's One has opposed, Defendant alleges that it first used NATURE'S ONE in commerce in 2012, more than a decade after Nature's One first did so.

16. Defendant's products are sold online under through its website as well as through the websites of other online retailers such as Amazon. According to the "Retailers" page on Defendant's website, its products are also available at various grocery stores as well as at least

two natural foods and supplements retailers that offer infant organic foods and formulas, among other retail outlets.

17. Given Defendant's use of the identical trademark as Nature's One's NATURE'S ONE mark, the nearly complete overlapping channels of trade – including sales in common online marketplaces such as Amazon, and the relatedness of goods – food, organic/natural no less – the potential for consumer confusion is rife. For example, Nature's One's employees have received customer inquiries about Defendant's products and, as shown in Exhibit 4, a Google search using the term "buy Nature's One" results in Defendant's NATURE'S ONE dog treats being listed with Nature's One's NATURE'S ONE organic infant food products. The potential association by consumers and those who influence consumers of Nature's One's infant food products with dog food, the quality of which is the subject of great controversy, threatens Nature's One with substantial harm.

## COUNT I – TRADEMARK INFRINGEMENT
## UNDER 15 U.S.C. § 1114

18. Nature's One realleges and incorporates by reference Paragraphs 1-17 of this Complaint as if fully set forth herein.

19. Defendant has used in commerce, without Nature's One's consent, reproductions, counterfeits, copies or colorable imitations of Nature's One's registered trademark NATURE'S ONE in connection with the sale, offer for sale, distribution and/or advertising of food products, such use being likely to cause confusion, to cause mistake, or to deceive.

20. The actions of Defendant described in this Count constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Nature's One for which Nature's One has no adequate remedy at law.

21. The actions of Defendant described in this Count have also caused damage to Nature's One for which Nature's One should be compensated by Defendant.

### COUNT II – FALSE DESIGNATIONS OF ORIGIN UNDER 15 U.S.C. § 1125(a)

22. Nature's One realleges and incorporates by reference Paragraphs 1-21 of this Complaint as if fully set forth herein.

23. Defendant has, without Nature's One's consent, on or in connection with food products, used in commerce a word, term, name, symbol, device, or any combination thereof which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendant with Nature's One and its products bearing the NATURE'S ONE mark, and/or as to the origin, sponsorship, and/or approval by Nature's One of Defendant's unauthorized food goods.

24. The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a).  Defendant's acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to Nature's One for which Nature's One has no adequate remedy at law.

25. The acts of Defendant described in this Count have also caused damage to Nature's One for which Nature's One should be compensated by Defendant.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

26. Nature's One realleges and incorporates by reference Paragraphs 1-25 of this Complaint as if fully set forth herein.

27. Defendant's actions complained of herein constitute trademark infringement under common law, for which Nature's One is entitled to relief.

## COUNT IV – DECEPTIVE TRADE
## PRACTICES UNDER OHIO REVISED CODE § 4165.02

28. Nature's One realleges and incorporates by reference Paragraphs 1-28 of this Complaint as if fully set forth herein.

29. Defendant's actions complained of herein constitute deceptive trade practices Under Ohio Revised Code § 4165.02, for which Nature's One is entitled to relief.

WHEREFORE, Plaintiff Nature's One prays:

a) that Defendant be found to have infringed Nature's One's rights in its mark NATURE'S ONE and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b) that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from infringing Nature's One's mark, and from engaging in false designation of origin in any other manner;

c) that Defendant be required to deliver up and/or to destroy any and all products bearing Nature's One's mark in its possession, as well as all labels, literature, and advertisements bearing the mark, together with any means for producing same;

d) that Defendant be ordered to provide an accounting of all profits derived from its sales of goods in connection with the acts complained of herein, and to pay such profits, or such greater sum as this Court deems just and proper, to Nature's One;

e) that Defendant be ordered to pay damages to Nature's One adequate to compensate Nature's One for the acts described in this Complaint, or, upon Nature's One's election, statutory damages pursuant to 35 U.S.C. § 1117(c) and/or other state statutes, that such

damages be trebled, and that Defendant be ordered to pay Nature's One its reasonable attorneys' fees; and

        f)      that Nature's One have such other and further relief as this Court may deem just and proper.

/s/ *Michael J. Garvin*
Michael J. Garvin [0025394]
   Trial Attorney
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH  44114
(216) 479-6100
mjgarvin@vorys.com

/s/ *John M. Kuhl*
John M. Kuhl [0080966]
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH  43216-1008
(614) 464-6400
jmkuhl@vorys.com

*Attorneys for Plaintiff Nature's One, Inc.*

OF COUNSEL:

Laura T. Geyer
Vorys, Sater, Seymour and Pease LLP
1909 K Street NW, Suite 900
Washington, D.C. 20006-1152
Telephone:  (202) 467-8800
Facsimile:   (202) 467-8900
ltgeyer@vorys.com

## JURY DEMAND

Plaintiff Nature's One demands a trial by jury.

/s/ *Michael J. Garvin*
Michael J. Garvin [0025394]
   Trial Attorney
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH  44114
mjgarvin@vorys.com

/s/ *John M. Kuhl*
John M. Kuhl [0080966]
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, OH  43216-1008
jmkuhl@vorys.com

*Attorneys for Plaintiff Nature's One, Inc.*