**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NATURE'S ONE, INC., | ) | Civil Action No. 2:15-cv-00007 |
| | ) | |
| Plaintiff, | ) | Honorable Judge Michael H. Watson |
| | ) | Magistrate Terrence P. Kemp |
| v. | ) | |
| | ) | |
| BEEFEATER'S HOLDING COMPANY, INC. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Upon the stipulation and agreement of the parties, IT IS HEREBY ORDERED as follows:

1. (a) This Stipulated Protective Order governs the handling of all information produced, given or filed during discovery and other proceedings in the above-captioned action (this "Action"), including all initial disclosures, responses to discovery requests, documents produced, tangible things produced, deposition testimony, answers to interrogatories, responses to requests for admission, and disclosures of expert testimony, and all copies, excerpts, and summaries of the foregoing (collectively, "Discovery Material").

(b) The provisions of this Stipulated Protective Order shall apply to (i) the parties in this case, (ii) any other person producing or disclosing Discovery Material in this Action who agrees to be bound by the terms of this Stipulated Protective Order, and (iii) any person who agrees to be bound by the terms of this Stipulated Protective Order pursuant to Sections 4(b) and 5(b) herein

2. Any party or other person producing Discovery Material in this Action (a "Producing Person") may designate any such Discovery Material as "Confidential" ("Confidential Material") if (a) such Producing Person in good faith believes that such Discovery Material

1

contains (i) confidential business information, personnel records, or such other sensitive commercial information that is not publicly available, (ii) sensitive personal information, (iii) information as to which the Producing Person owes a duty of confidentiality to a third party, and (b) such Discovery Material is not otherwise accessible to the public.

3.     Any Producing Person may designate Discovery Material as "Highly Confidential" ("Highly Confidential Material") if (a) such Producing Person in good faith believes that such Discovery Material contains (i) trade secrets, (ii) other confidential or proprietary information that is of such a sensitive nature that disclosure would result in competitive harm, or damage its business or financial welfare, or cause damage to the reputation or standing in the community of the parties, and (b) such Discovery Material is not otherwise accessible to the public.

4.     Confidential Material shall be subject to the following restrictions:

(a)     A person receiving Confidential Material shall use it only for the purpose of this Action (including appeals) and not for any business or other purpose whatsoever and shall not give, show, make available or communicate that Confidential Material in any way to anyone except as set forth in Section 4(b) below;

(b)     A person receiving Confidential Material may disclose it only for the purposes set forth in Section 4(a) above, and only to:

(i)     the parties;

(ii)    counsel of record for the parties and employees of such counsel;

(iii)   the Court (including court reporters, stenographic reporters, and court personnel);

(iv)    any expert or consultant retained by the parties or counsel thereto for the purposes of the Action;

(v) any person permitted to receive Confidential Material by order of the Court;

(vi) outside vendors performing clerical functions for the parties or their counsel, but only for so long as necessary to perform those services;

(vii) witnesses, in preparation for and/or during their examination as witnesses at trial or in a deposition, but only to the extent that the person making the disclosure believes reasonably and in good faith that such Confidential Material may be the subject of a witness's testimony; and

(viii) any other persons that the parties may agree upon in writing.

5. Highly Confidential Material shall be subject to the following restrictions:

(a) A person receiving Highly Confidential Material shall use it only for the purpose of this Action (including appeals) and not for any business or other purpose whatsoever and shall not give, show, make available or communicate that Highly Confidential Material in any way to anyone except as set forth in Section 5(b) below;

(b) A person receiving Highly Confidential Material may disclose it only for the purposes set forth in Section 5(a) above, and only to:

(i) outside counsel of record for the parties and employees of such counsel;

(ii) the Court (including court reporters, stenographic reporters, and court personnel);

(iii) any expert or consultant retained by the parties or counsel thereto for the purposes of the Action;

3

      (iv)    any person permitted to receive Highly Confidential Material by order of the Court;

      (v)    outside vendors performing clerical functions for the parties or their counsel, but only for so long as necessary to perform those services;

      (vi)    any other persons that the parties may agree upon in writing.

6.    If a party wishes to file any pleading, motion, memorandum or other paper that constitutes, attaches, summarizes, excerpts, or otherwise discloses any Confidential Material or Highly Confidential Material, the filing party shall conspicuously label the cover page of such paper with the legend "CONTAINS CONFIDENTIAL DISCOVERY MATERIAL" or "CONTAINS HIGHLY CONFIDENTIAL DISCOVERY MATERIAL" and shall file such paper, or the portion thereof which discloses Confidential Material and/or Highly Confidential Material under seal with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion to allow the filing of the materials under seal, and as further governed by Local Rule 79.3 of the United States District Court for the Southern District of Ohio. ("Interim Sealing Motion"). Even if the filing party believes that the materials subject to the Order are not properly classified as Confidential Material or Highly Confidential Material, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights to challenge the designation of Discovery Material as "Confidential" or "Highly Confidential" under this Protective Order.

      (a)    Any disclosure of Confidential Material or Highly Confidential Material at trial or in any other court proceeding herein shall be made only to the Court (including court reporters, stenographic reporters, the jury and court personnel), the parties, counsel, and expert witnesses as provided in Sections 4(b) and 5(b) herein, unless the Court orders otherwise.

      (b)    Notwithstanding any of the foregoing provisions, this Stipulated Protective Order has no effect upon, and its scope shall not extend to, a Producing Person's use of its own Confidential Material and/or Highly Confidential Material, and it has no effect on the applicability of the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure to any Discovery Material.

7.    Each person given access to Confidential Material and/or Highly Confidential Material pursuant to the terms hereof (other than persons described in Sections 4(b)(iii) and 5(b)(ii), above) shall be advised that the Confidential Material and/or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms hereof.  Before any person (other than persons described in paragraphs 4(b)(i), 4(b)(ii), or 4(b)(iii), 5(b)(i) and 5(b)(ii) above) is given access to Confidential Material and/or Highly Confidential Material, such person must also execute the Acknowledgment and Agreement to be Bound attached as Exhibit A hereto. The signature on this Stipulated Protective Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by the party and by all lawyers and employees of that firm to be so bound.

8.    The failure of any party, attorney or other person subject to this Stipulated Protective Order to abide by the terms and conditions hereof shall be referred to this Court for appropriate action.

9. Discovery Material shall be designated as "Confidential" or "Highly Confidential" as follows:

(a) In the case of produced documents, the designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of any such document, or on any media containing the document, prior to production.

(b) In the case of written discovery responses and disclosures, including initial disclosures, disclosures of expert testimony, interrogatory answers, and responses to requests for admission, the designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover page of the discovery response or disclosure if the entirety of the response or disclosure is to be designated as "Confidential" or "Highly Confidential", or by conspicuously placing the legend throughout the response or disclosure in any manner that reasonably identifies those portions of the response or disclosure that are to be designated as "Confidential" or "Highly Confidential".

(c) In the case of deposition testimony, any counsel may identify on the record at the time of the deposition or up to fifteen (15) days after receipt of the transcript those portions of testimony to be designated as "Confidential" or "Highly Confidential". All deposition transcripts are presumptively to be treated as Highly Confidential Material in their entirety until the sixteenth day after counsel for the testifying person receives the transcript.

10. A party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential" or "Highly Confidential" at the time made or produced, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation with respect to specific Discovery Material, it shall send or give notice to the Producing Person, and they shall attempt to resolve any challenge in good faith on an expedited

6

and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Producing Person or the challenging party may, on reasonable notice, seek appropriate relief from the Court. The Discovery Material in issue shall continue to be treated as Confidential Material or Highly Confidential Material unless and until the Court orders otherwise.

11. This Stipulated Protective Order, insofar as it restricts the communication and use of Confidential Material and/or Highly Confidential Material, shall continue to be binding throughout and after the conclusion of this Action, including any appeals.

12. The production of any document, including Confidential Material and/or Highly Confidential Material, shall be without prejudice to any claims that the document is privileged, subject to the work product doctrine, or otherwise protected from disclosure and shall not constitute a waiver of any privilege, immunity, or protection that may otherwise attach thereto. In the event that a document is produced that is considered by the Producing Person to be privileged or otherwise protected from disclosure in whole or in part, such document may be retrieved by the Producing Person by giving written notice of the production of such document that the Producing Person claims, in whole or in part, to be privileged or protected no later than twenty (20) calendar days prior to trial. Upon receipt of such written notice, all copies of any such documents shall be returned or destroyed as quickly as is reasonably practicable. The production of a privileged or otherwise protected document shall not be deemed a general waiver of any privilege, immunity, or protection, even if return is not timely sought and even if the production is not inadvertent. In the event that only part of the document is claimed to be privileged or protected, the Producing Person shall furnish redacted copies of such document, removing only the parts thereof claimed to be privileged, to all parties, together with such written notice. After service of a notice claiming that a privileged or otherwise protected document was produced, no motion to compel or opposition to

a motion requesting confirmation of the privileged or protected nature of the document shall rely on an allegation that any privilege as to the document was waived by its production. Nothing herein shall impair any party's right to challenge, by motion or otherwise, an assertion of a privilege or protection with respect to any Discovery Material.

13. Nothing in this Order shall prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be improper. The Court may enter such other and further orders that it deems appropriate and this Stipulated Protective Order is without prejudice to the right of any party to apply for another further order including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to any modification thereof.

14. If a party who has received Confidential Material and/or Highly Confidential Material from a producing party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of the Confidential Material and/or Highly Confidential Material, that party shall give written and telephonic notice to counsel for the producing party within five (5) business days. If the producing party seeks a protective order or otherwise applies to quash the subpoena or process, the party that receives the Confidential Material and/or Highly Confidential Material shall not produce or disclose it absent a court order or the consent of the producing party. In the event Confidential Material and/or Highly Confidential Material is produced to the non-party, the parties will continue to treat it according to the designation on the document (i.e., as Confidential Material or Highly Confidential Material).

15. The failure by a party to file under seal any Confidential Material or Highly Confidential Material in no way alters or waives the protected nature of that material, which remains subject to this Order. If a receiving party fails to file any Confidential Material or Highly

Confidential Material under seal, the producing party may notify the Clerk that the material is Confidential Material and/or Highly Confidential Material under the terms of this Order and may request in writing that the material be placed under seal. A copy of this Order shall accompany the request. Upon receipt of such a request, the Clerk shall take all steps necessary to place the Confidential Material and/or Highly Confidential under seal.

16. Within ninety (90) days after entry of a final judgment or dismissal with prejudice in the Litigation (including appeals or petitions for review) finally disposing of all issues raised in the Litigation, counsel for the parties and all other persons having possession or control of another party's Confidential Material and/or Highly Confidential Material will destroy or, if requested by the producing party, return to such party all Confidential Material and/or or Highly Confidential Material and any copies thereof, except that counsel shall be permitted to maintain one archival copy of such Confidential Material and/or Highly Confidential Material, provided that the terms of this Stipulated Protective Order continue to apply to such Confidential Material and/or or Highly Confidential Material. Each party shall give written notice of such destruction to all counsel.

17. Any non-party producing Discovery Material during discovery in the course of litigation, pursuant to subpoena or otherwise, may designate its Discovery Material in accordance with the terms of this Stipulated Protective Order.

18. This Stipulated Protective Order shall be submitted to the Court, with a request that it be executed and filed by the Court, immediately upon execution by the Parties. Prior to approval by the Court, this Stipulated Protective Order and any executed declaration in the form attached as Exhibit A shall be effective as if approved.

| AGREED: | AGREED: |
|---|---|
| _/s/ Michael J. Garvin_____ | _/s/ Michael E. Dockins, Esq._____ |
| | Michael E. Dockins, Esq. |

Michael J. Garvin [0025394]
  Trial Attorney
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH  44114
mjgarvin@vorys.com

FRASER CLEMENS MARTIN & MILLER
28366 Kensington Lane
Perrysburg, OH  43551
dockins@fraser-ip.com

*Attorneys for Defendant*

__/s/ John M. Kuhl_____
John M. Kuhl {0080966]
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43216-1008
jmkuhl@vorys.com

*Attorneys for Plaintiff*
*Nature's One, Inc.*

```
/s/ Terence P. Kemp
```
```
United States Magistrate Judge
```

# EXHIBIT A

| | |
|---|---|
| NATURE'S ONE, INC., | ) Civil Action No. 2: 15-cv-00007 |
| Plaintiff, | ) |
| | ) Honorable Judge Michael H. Watson |
| v. | ) Magistrate Terrence P. Kemp |
| BEEFEATER'S HOLDING COMPANY, INC. | ) |
| Defendant. | ) |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, acknowledge that I have received and read a copy of the attached Stipulated Protective Order; I agree to comply with and be bound by this Stipulated Protective Order; and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio with respect to any proceeding arising out of any claim of violation of this Stipulated Protective Order.

_____    _____
Date                                                                Signature

**CERTIFICATE OF SERVICE**

I hereby certify that on June ____, 2015, a copy of the foregoing was electronically filed through the Court's Electronic Case Filing system and thereby made available to Defendant's counsel.

        Respectfully submitted,

        */s/ Michael J. Garvin*
        Michael J. Garvin

        *Attorney for Plaintiff*
        *Nature's One, Inc.*